## 11719.   LOGAN v. THE STATE.

As to the law relating to dying declarations, the charge of the court was sufficiently full, in the absence of a request for additional instructions on that subject.

DECIDED NOVEMBER 9, 1920.

Conviction of manslaughter; from Butts superior court — Judge Searcy.   July 17, 1920.

*J. T. Moore, Greene F. Johnson,* for plaintiff in error.

*E. M. Owen, solicitor-general, W. E. Watkins,* contra.

BLOODWORTH, J.   1. Plaintiff in error was tried for murder, and there was a verdict of voluntary manslaughter.   There was evidence of dying declarations.   To the charge given relating to these declarations there were no exceptions filed, but complaint was made that the court erred in failing to charge more fully in reference thereto, the exceptions being based on the ruling in *Denton* v. *State,* 6 *Ga. App.* 3 (63 S. E. 1132).   That case is easily differentiated from the one now under consideration.   There is nothing in this case to suggest that "the declarant's account of the occasion was influenced by resentment, and therefore was biased and incomplete."   There was no charge in that case as in this that if the jury received the dying statement it was their duty to "receive it with great care and scan it with caution."   In the *Denton* case there was a proper and timely written request to charge; in this case there was no such request.   In the instant case, the court having charged generally and correctly the law relating to dying declarations, if a fuller charge in reference thereto was desired it should have been requested in writing before the jury retired "to consider of their verdict." ·

2. In the brief of counsel for the plaintiff in error he specifically abandons the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*